[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10205
Non-Argument Calendar

_____

D. C. Docket No. 01-00785-CV-J-32MCR

EMORY ANTHONY KINSEY,

Plaintiff-Appellant,

versus

CITY OF JACKSONVILLE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 3, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Emory Anthony Kinsey appeals, pro se, the orders of the district court that

dismissed part of Kinsey's Sixth Amended Complaint, granted summary judgment in favor of the City of Jacksonville and against Kinsey's Seventh Amended Complaint, and denied Kinsey's motion for reconsideration. Kinsey filed a complaint that alleged that the City violated the American with Disabilities Act and the Family Medical Leave Act because the City failed to accommodate Kinsey's disability, created a hostile work environment, and retaliated against Kinsey when he reported these violations. We affirm.

## I. BACKGROUND

From 1996 until 2002, Kinsey was employed by the City as a Worker in the Department of Public Works. Kinsey worked outdoors, laid sandbags, dug around pipes, and operated saws. Since 1988, Kinsey has suffered from hypertension, which does not allow him to work for more than 15 minutes in temperatures over 80 degrees.

In July 2000, Kinsey informed the City that he needed an accommodation because of his health. On August 2, 2000, the City informed Kinsey that he could not work until he received a full release from his doctor and his absence would be considered FMLA leave. Kinsey filed a complaint with the Equal Employment/ Equal Access Office of the City that day. Kinsey was examined by both his doctor, Kathleen Casey, and the Medical Review Officer of the City, Terry W.

2

Kuhlwein. Both doctors stated that overexposure to sun and heat could cause Kinsey to faint. On October 25, 2000, the City allowed Kinsey to return to work "as long as the temperature stays at or below 80 degrees Fahrenheit." Kinsey again requested that the City accommodate him by assigning him to a climate-controlled environment.

On January 26, 2001, Kinsey filed a complaint with the Florida Commission on Human Relations. In May 2001, Kinsey fainted while working on a dump truck and was diagnosed with heat exhaustion by Kuhlwein. That summer, Kinsey took a second leave of absence under the FMLA.

Throughout July 2001, the City attempted to find another position for Kinsey. The Personnel Services Manager met with Kinsey on several occasions to find another position that accommodated Kinsey's medical condition. The City offered Kinsey a position as a Worker in the Canning Center, but Kinsey denied receiving this offer. The City attempted to place Kinsey as an Police Emergency Communications Officer, but Kinsey failed the qualification examination. On October 16, 2001, Kinsey returned to the Department of Public Works.

In a letter dated February 14, 2002, the City advised Kinsey to search for other employment because it was "the time of year when the average daily temperature reaches 80 degree[s] Fahrenheit." Kinsey met again with the

Personnel Services Manager to find another position. The City also arranged for Kinsey to attend a one-day computer course. On March 23, 2002, Kinsey filed a second complaint with the FCHR that alleged discrimination. On July 31, 2002, Kinsey fainted while operating a dump truck and caused the truck to overturn. He continued to work for the City that summer.

On September 12, 2002, Kinsey requested an accommodation and filed a complaint with the Equal Employment/Equal Access Office that alleged a hostile work environment and failure to accommodate his disability. During that month, Kinsey also met with representatives of the City who attempted to find another position for him. On October 16, Kinsey resigned "because of medical and emotional reasons."

Kinsey filed five complaints in the district that were either amended by Kinsey or dismissed by the district court for Kinsey's failure to effect service. In his Sixth Amended Complaint, Kinsey alleged hostile work environment, failure to accommodate, and retaliation violations under the ADA and violations of the FMLA. The City moved to dismiss for failure to state a claim. The district court dismissed the hostile work environment and failure to accommodate claims because Kinsey had failed to allege that he was disabled under the ADA. The district court also dismissed the allegations under the FMLA, but allowed Kinsey

4

to amend his complaint regarding the allegations of retaliation under the ADA.

In his Seventh Amended Complaint, Kinsey alleged that because he filed complaints with the EEOC and FCHR, the City (1) sent several threatening letters to him, (2) refused to reassign him, (3) forced him to take FMLA leave, (4) forced him to drive a dump truck, (5) forced him to sign documents, and (6) constructively discharged him by "ma[king] it virtually impossible for [him] . . . to continue on the job." The City moved for summary judgment.

The district court granted the motion for summary judgment. The district court concluded that Kinsey had established a prima facie case based on the alleged constructive discharge and the threatening letters sent by the City. The district court also concluded that the City had established legitimate non-retaliatory reasons for the allegedly adverse actions because Kinsey was unable to perform the duties of his job due to his medical condition and the City had attempted to find another position for Kinsey. The district court concluded that Kinsey failed to establish pretext because Kinsey failed to show that he was eligible for another available position with the City. After the district court entered summary judgment and Kinsey filed his notice of appeal, Kinsey moved the district court for reconsideration, and the district court denied the motion.

## II. STANDARD OF REVIEW

We review the grant of a motion to dismiss de novo "accepting the allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006). We review a grant of summary judgment by the district court de novo and apply the same legal standards as the district court. State Farm Fire & Cas. Co. v. Steinberg, 393 F.3d 1226, 1229 (11th Cir. 2004) (citing Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1283 (11th Cir. 2003)). We review for an abuse of discretion the denial of a motion to reconsider. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).

## III. DISCUSSION

Kinsey presents three arguments. First, Kinsey contends that the district court erred when it dismissed his alleged claims under the ADA and the FMLA. Second, Kinsey argues that the district court erred when it granted summary judgment to the City regarding Kinsey's claim of retaliation under the ADA. Third, Kinsey argues that the district court abused its discretion when it denied his motion for reconsideration. We address each in turn.

### A. The District Court Correctly Dismissed Kinsey's Alleged Claims Under the ADA and FMLA.

The district court correctly dismissed Kinsey's allegations that the City

failed to accommodate his disability under the ADA and violated the FMLA. Kinsey alleged that the City violated the ADA, but he failed to allege a "disability" that "substantially limits one or more of [his] major life activities." 42 U.S.C. § 12102(2)(A); see Reid v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000). Kinsey also alleged that the City violated the FMLA, but Kinsey failed to allege that the City either (1) interfered with his FMLA benefits, or (2) retaliated against him under the FMLA. See Russell v. N. Broward Hosp., 346 F.3d 1335, 1340 (11th Cir. 2003). Kinsey failed to state a claim for relief under both the ADA and the FMLA.

### B. The District Court Did Not Erroneously Grant Summary Judgment to the City.

Kinsey argues that the district court erred when it granted summary judgment to the City and against his claim of retaliation under the ADA. The district court concluded that although Kinsey established a prima facie case of retaliation, the City provided legitimate non-retaliatory reasons. Because Kinsey failed to establish that the reasons of the City were pretextual, the City was entitled to summary judgment.

"We assess retaliation claims under the same framework we employ for retaliation claims arising under Title VII." Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997). "To establish a prima facie

7

case of retaliation, a plaintiff must show: (1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected expression and the adverse action." Id. Kinsey engaged in statutorily protected expression because he filed complaints with the FCHR or EEOC on August 2, 2000, January 26, 2001, and March 23, 2002. The district court concluded that the City took an adverse employment action against Kinsey when it required him to take FMLA leave without pay and constructively discharged Kinsey because these actions impacted the "term, conditions, or privileges" of Kinsey's employment. Gupta v. Fla Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000).

"Once a prima facie case is established, the burden then shifts to the defendant employer to come forward with legitimate non-discriminatory reasons for its actions that negate the inference of retaliation." Stewart, 117 F.3d at 1287. "[T]he defendant's burden of rebuttal is exceedingly light . . . . [T]he defendant need not persuade the court that its proffered reasons are legitimate; the defendant's burden is merely one of production, not proof." Perryman v. Johnson Prods. Co., 698 F.2d 1138, 1142 (11th Cir. 1983). The City proffered two legitimate non-discriminatory reasons for its alleged adverse actions. The City required Kinsey take unpaid FMLA leave because overexposure to the sun and heat posed a danger to Kinsey's health. The City also made several attempts to

8

assign him to another position, but Kinsey did not qualify for other available positions.

Kinsey failed to produce any evidence that the legitimate non-retaliatory reasons presented by the City were pretextual. "The plaintiff must . . . demonstrate that it will be able to establish at trial that the employer's proffered non-discriminatory reasons are a pretextual ruse designed to mask retaliation." Stewart, 117 F.3d at 1287. Because Kinsey failed to proffer any evidence to establish the "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons," the district court correctly granted summary judgment to the City. Combs v. Plantation Patterns, Meadowcraft, Inc., 106 F.3d 1519, 1538 (11th Cir. 1997), cert. denied, 522 U.S. 1045, 118 S. Ct. 685 (1998).

### C. We Lack Jurisdiction to Consider the Denial of Kinsey's Motion for Reconsideration.

We lack jurisdiction to review the denial of Kinsey's motion for reconsideration because Kinsey moved for reconsideration after he filed his notice of appeal. "[T]he appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment. Barfield v. Brierton, 883 F.2d 923, 930–31 (11th Cir. 1989). "We . . . cannot exercise our appellate

9

jurisdiction over" orders that had not yet been entered at the time the notice of appeal was filed. <u>McDougald v. Jenson</u>, 786 F.2d 1465, 1474 (11th Cir. 1986).

## IV. CONCLUSION

The orders of dismissal and summary judgment are

**AFFIRMED.**